David O. Hernandez (SBN 90453)
Joshua E. Hernandez (SBN 324928)
HERNANDEZ LAW OFFICES
6103 North First Street, Suite 102
Fresno, CA 93710
Tel: (559) 449-8150
Fax: (559) 449-1831

Attorneys for Plaintiff,
ARTHUR MITCHELL PRIDE, JR.

Tina Broccardo Van Dam (SBN 209732)
 TVanDam@mgmlaw.com
MANNING GROSS + MASSENBURG LLP
400 Spectrum Center Drive, Suite 1450
Irvine, CA 92618
Tel.:   949-892-4700
Fax:   949-892-4701

Attorneys for Defendant, PILOT TRAVEL CENTERS LLC dba PILOT FLYING J GAS STATION #365

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR MITCHELL PRIDE, JR., <br><br> Plaintiff, <br><br> v. <br><br> PILOT TRAVEL CENTERS LLC dba PILOT FLYING J GAS STATION #365, DOES 1 TO 30, <br><br> Defendants. | Case No.  1:21-CV-00153-JLT-SKO <br><br> [Madera County Superior Court Case No.: MCV083265] <br><br> **JOINT STIPULATION AND ORDER TO AMEND SCHEDULING ORDER AND SET TRIAL DATE** <br><br> (Doc. 16) |

Pursuant to Fed. R. Civ. P. 16(b)(4), Fed. R. Civ. P. 6(b), L.R. 143(a)(1), and L.R. 144(a), plaintiff ARTHUR MITCHELL PRIDE, JR. (hereinafter "Plaintiff") and defendant PILOT TRAVEL CENTERS LLC dba PILOT FLYING J GAS STATION #365 (hereinafter "Defendant"), through their respective counsel of record, jointly submit the following stipulation to amend the April 29, 2021 Scheduling Order (Doc. No. 9), to continue discovery deadlines by approximately

ninety (90) days.

## I.   SYNOPSIS OF CASE

On or about February 25, 2020, Plaintiff filed a civil complaint against Defendant in the Superior Court of California, County of Madera, Case No. MCV083265.  Plaintiff alleges that on March 28, 2018, he sustained personal injuries as a result of slipping on diesel fuel while he was entering his vehicle located at a Pilot Flying J Gas Station in Madera, California.  On October 22, 2020, Defendant filed its Answer in the Superior Court of California, County of Madera.  On February 5, 2021, this case was removed from Madera County Superior Court to pursuant to 28 U.S.C. § 1446(b)(3).

### A.   Discovery

On December 31, 2020, Plaintiff served his responses to Defendant's Form Interrogatories, Set One, identifying the following injuries he allegedly attributes to the incident: back, neck, head, chest, bilateral knees, bilateral legs, let ankle, and bilateral shoulders.  Decl. of Tina Van Dam ("TVD Decl."), ¶ 2; Pl.'s Resp. to Def.'s Form Interrog. No. 6.1-6.2, attached as Ex. A.  Plaintiff further did not attribute any loss of income or earning capacity to the incident.  *Id*; Pl.'s Resp. to Def.'s Form Interrog. No. 8.1, attached as Ex. A.  Then on August 21, 2021, Plaintiff was deposed, where Plaintiff testified that he injured his lower back, right knee, right ankle, right elbow, headaches, and numbness.  TVD Decl., ¶ 3; Pl.'s Dep. Tr. pgs. 34, 36, attached as Ex. B.  However, Plaintiff also testified that he was claiming compensation for lost earnings or lost earning capacity. TVD Decl., ¶ 3; Pl.'s Dep. Tr. p. 53, attached as Ex. B.  On January 3, 2022, Defendant's counsel served additional interrogatories to Plaintiff inquiring about his new loss of income claim.  TVD Decl., ¶ 4; Def.'s Special Interrog., Set One, to Pl, attached as Ex. C.  On January 25, 2022, Plaintiff served his responses.  TVD Decl., ¶ 5; Pl.'s Resp. to Def.'s Special Interrog., Set One, attached as Ex. D.

On March 1, 2022, Plaintiff's counsel served a letter[1] to Defendant's counsel with an amended Itemization of Medical Expenses, citing alleged complaints of anxiety and depression with enclosed medical records.  TVD Decl., ¶ 6; the March 1, 2022 letter is attached as Ex. E.  Then

---

[1] Counsel for Defendants received this letter on approximately March 8, 2022.

on April 6, 2022, Plaintiff's counsel served a second letter[2] to Defendant's counsel citing Plaintiff's alleged complaints of chronic back pain, anxiety, and depression, with enclosed medical records. TVD Decl., ¶ 7; the March 1, 2022 letter is attached as Ex. F.  On April 20, 2022, Defendant's counsel served Special Interrogatories and Requests for Production of Documents, Set Two, to Plaintiff to inquire further about Plaintiff's alleged complaints of anxiety and depression.  TVD Decl., ¶ 8; Def.'s Special Interrog., Set Two, to Pl., attached as Ex. G.

        B.        <u>Medical Examinations of Plaintiff</u>

On April 19, 2022, the Parties agreed to stipulate that Plaintiff will undergo two separate medical examinations: an orthopedic examination to address Plaintiff's alleged orthopedic complaints and a neuropsychological examination to address Plaintiff's newly alleged complaints of anxiety and depression. With respect to the neuropsychological examination, the examination will be scheduled after Defendant's counsel has received Plaintiff's responses to the written discovery that was propounded on April 20, 2022. TVD Decl., ¶ 9.

II.      **STIPULATION OF PARTIES TO CONTINUE THE EXPERT RELATE DATES BASED ON GOOD CAUSE**

The Parties stipulate to a short continuance of the discovery deadlines in order to allow sufficient time for the Parties to investigate Plaintiff's newly alleged complaints of anxiety, depression, and any other related symptom not yet identified in discovery thus far. Fed. R. Civ. P. 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent."  Moreover, pursuant to the April 29, 2021 Scheduling Order, it states:

> "[i]f the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the Court immediately of that fact so that adjustments can be made, either by stipulation or by subsequent status conference. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested."

In the present matter, good cause exists for the extension because the Parties need additional time to conduct additional discovery related to Plaintiff's new complaints of anxiety and

---

[2] Counsel for Defendants received this letter on approximately April 12, 2022.

depression.  During Plaintiff's deposition on August 21, 2021, Plaintiff did not testify that he attributed any anxiety or depression to the incident. TVD Decl., ¶ 3.  It was not until recently that Plaintiff attributed these new complaints to the incident.  TVD Decl., ¶ 10.  Despite the Parties' diligence, the Parties, especially that of Defendant, will not be able to complete discovery by the current deadlines. TVD Decl., ¶ 11.  However, the Parties have been working to address Plaintiff's new alleged complaints with written discovery and stipulated medical examinations.  TVD Decl., ¶ 8-9.

Thus far, the Parties have been complying with the current dates and deadlines set forth in the Court's April 29, 2021 Scheduling Order.  To date, only the deadlines for initial disclosures and to provide the prosed settlement conference dates have passed.  The Court has not granted any previous extensions.  A short continuance of the remaining discovery deadlines will allow the Parties to conclude written discovery, meet and confer to determine if another deposition of Plaintiff is required, and finalize any additional expert related discovery.  Continuing expert related discovery deadlines will continue to comply with Fed. R. Civ. P. 26(a)(2)(D), where the expert disclosures will be made well before ninety (90) days before the Pre-Trial Conference.[3]  Lastly, the Parties have renewed settlement negotiations.  TVD Decl., ¶ 12.  With the requested continuance, the Parties will continue to negotiate while conducting discovery to determine if the Parties can settle the matter.  To this end, the Parties stipulate and propose a ninety (90) day continuance of the dates as follows:

| Event | Current Date & Time | New Date & Time |
|---|---|---|
| Expert Disclosures deadline: | April 22, 2022 | July 28, 2022 |
| Non-expert discovery deadline: | May 2, 2022 | August 5, 2022[4] |
| Rebuttal Expert Disclosures deadline: | May 20, 2022 | August 25, 2022 |
| Expert Discovery deadline: | June 22, 2022 | September 27, 2022[5] |

---

[3] Fed. R. Civ. P. 26(a)(2)(D) requires disclosures to made 90 days before trial and trial has not been set.
[4] Motions to compel any non-expert discovery are to be completed by this date.
[5] Motions to compel any expert discovery are to be completed by this date.

| | | |
|---|---|---|
| Non-Dispositive Motion Deadlines: | Filing: July 13, 2022<br>Hearing: August 10, 2022 | To remain the same. |
| Dispositive Motion Deadline | Filing: July 13, 2022 | To remain the same. |
| Settlement Conference | November 10, 2022 at 10:00 a.m. | To remain the same. |
| Pre-Trial Conference | December 14, 2022 at 8:15 a.m. | To remain the same. |

For these reasons, the Parties stipulate to amend the current discovery deadlines and respectfully request the Court amend the current Scheduling Order accordingly.

**IT IS SO STIPULATED**.

DATED:  April 20, 2022                                      HERNANDEZ LAW OFFICES


By: */s/ Joshua E. Hernandez*
David O. Hernandez
Joshua E. Hernandez
Attorneys for Plaintiff ARTHUR MITCHELL PRIDE JR.

DATED:  April 20, 2022                                      MANNING GROSS + MASSENBURG LLP


By: */s/ Tina Broccardo Van Dam*
Tina Broccardo Van Dam
Attorneys for Defendant PILOT TRAVEL CENTERS LLC dba PILOT FLYING J GAS STATION #365

# **ORDER**

Based on the foregoing stipulation (Doc. 16), and for good cause shown, IT IS HEREBY ORDERED that the Scheduling Order (Doc. 9) is MODIFIED as follows:

| Event | Current Date & Time | New Date & Time |
| --- | --- | --- |
| Expert Disclosures | April 22, 2022 | July 28, 2022 |
| Non-Expert Discovery | May 2, 2022 | August 5, 2022 |
| Rebuttal Expert Disclosures | May 20, 2022 | August 25, 2022 |
| Expert Discovery | June 22, 2022 | September 27, 2022 |
| Non-Dispositive Motion Deadlines | Filing: July 13, 2022<br>Hearing: August 10, 2022 | Filing: October 5, 2022[1]<br>Hearing: November 9, 2022 |
| Dispositive Motion Deadlines | Filing: July 13, 2022 | Filing: October 5, 2022<br>Hearing: November 9, 2022 |
| Settlement Conference | November 10, 2022 at 10:00 a.m. | To remain the same. |
| Pre-Trial Conference | December 14, 2022, at 8:15 a.m. | January 6, 2023, at 1:30 p.m.[2] |

The Court further SETS a trial in this case for March 7, 2023, at 8:30 a.m. in Courtroom 4 before the Honorable Jennifer L. Thurston, United States District Judge.

IT IS SO ORDERED.

Dated:   **April 21, 2022**                    /s/ *Sheila K. Oberto*
                                                                    UNITED STATES MAGISTRATE JUDGE

---

[1] The Court has continued the non-dispositive and dispositive motion deadlines to after the close of all discovery.
[2] The Court has continued the pretrial conference to allow adequate time for the Court to rule on the parties' dispositive motions and to permit the parties sufficient time to prepare their pretrial submissions.