UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR MITCHELL PRIDE, JR., | Case No.1:21-CV-00153-JLT-SKO |
| Plaintiff, | |
| v. | TENTATIVE PRETRIAL ORDER |
| PILOT TRAVEL CENTERS, LLC, dba PILOT FLYING J. GAS STATION #365, DOES 1 TO 30, | Jury Trial Date: March 7, 2023 |
| | **(14 Day Objection Deadline)** |
| Defendant. | |

Plaintiff alleges in this removed action that he sustained personal injuries when he slipped on diesel fuel at a Pilot Flying J gas station in Madera, California owned by Defendant. (*See generally* Doc. 1-3.) Plaintiff alleges that Defendant was negligent in its failure to maintain and clean its premises and because there were no warning signs at the gas station of the danger posed by the fuel. (*Id.*) Defendant denies liability. (*See* Doc. 31 at 8–9.)

On January 6, 2023, the Court conducted a final pretrial conference for the jury trial, which is set to commence March 7, 2023. David Hernandez appeared as counsel for Plaintiff; Tina Van Dam appeared as counsel for Defendant. Plaintiff was also present.[1]

In crafting this pretrial order, the Court has considered only Defendant's pretrial statement

---

[1] On December 7, 2022, counsel for Plaintiff moved to withdraw. (Doc. 26.) That motion is set for hearing before the assigned magistrate judge on January 11, 2023. (Doc. 28.) Because the request to withdraw has yet to be resolved, the Court directed that both Plaintiff's counsel and Plaintiff be present at the pretrial conference.

(Doc. 31), because Plaintiff did not participate in the crafting of a joint pretrial statement or file a separate pretrial statement.

**A.     JURISDICTION/ VENUE**

The Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332 (a) because the Plaintiff and Defendants are citizens of different states and the amount in controversy involves allegations for damages over $75,000.00.

Venue is proper because a substantial part of the events giving rise to the action occurred in this District.

**B.     JURY/NON-JURY TRIAL**

Defendant demands a non-jury trial. Though there appears to be no separate filing from Plaintiff requesting a jury trial, this case was removed on the assumption that Plaintiff was demanding a jury. (*See* Doc. 1-1 (civil cover sheet indicating jury trial has been demanded).) Therefore, the matter will be tried before a jury.

**C.     UNDISPUTED FACTS**

Defendant asserts that only following fact is undisputed:  Plaintiff is a resident of California.

Otherwise, Defendant disputes Plaintiff's claims and all facts related thereto and as set forth above has not been able to meet and confer with Plaintiff's counsel to determine if any other facts can be agreed upon.

**D.     DISPUTED FACTS**

Plaintiff asserts that Defendant failed to properly maintain and clean the premises floor prior to the incident. Defendant disputes this.

Plaintiff asserts that Defendant had notice of the diesel fuel on the ground on the day of the incident. Defendant disputes this.

As a result of the incident, Plaintiff asserts that he sustained injuries including, but not limited to:  his lower back, right knee, right ankle, right elbow; headaches, vision problems, numbness in his arms and hands, anxiety, depression, nervousness, paranoia and post-traumatic syndrome. Defendant disputes that its conduct was a substantial factor in causing Plaintiff's

alleged injures.

Plaintiff asserts that he accumulated approximately $400,000.00 in lost wages, earning approximately $216.00 per hour as a General Contractor. Defendant disputes this. Defendant further disputes any claim of loss of future earnings or earning capacity.

Plaintiff asserts that he did not fall off a ladder on March 20, 2020, after the subject incident. Defendant disputes this

**E.     DISPUTED LEGAL ISSUES**

Except for jurisdiction and venue, all other legal issues are disputed.

**F.     DISPUTED EVIDENTIARY ISSUES/MOTIONS IN LIMINE**

Defendant intends to file several motions in limine, as outlined in its separate pretrial conference statement, which the Court incorporates herein by reference. (*See* Doc. 31 at 3–4.)

Any motions in limine must be filed no later than **February 3, 2023**; oppositions are due **February 10, 2023**. The Court will inform the parties if it believes a hearing on those motions is necessary.

**G.     SPECIAL FACTUAL INFORMATION**

In accordance with Local Rule 281(b)(6)(iv), Defendant has presented required special factual information pertaining to this tort/personal injury action, which the Court incorporates herein by reference. (*Id*. at 4–6.)

**H.     RELIEF SOUGHT**

Plaintiff seeks monetary damages for past medical expenses, future medical expenses, loss of income, earning capacity, and pain and suffering.

**I.     POINTS OF LAW**

Defendant has outlined what it believes are the material legal issues in this action, which the Court incorporates herein by reference. (*Id.* at 6–9.)

**J.     ABANDONED ISSUES**

None.

**K.     WITNESSES**

1.     The following is a list of witnesses that the parties expect to call at trial, including

rebuttal and impeachment witnesses. NO WITNESS, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE CALLED AT TRIAL UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(10).

Defendant indicates it intends to call the following witnesses:

Lay Witnesses:

- Mike Stansell, Store 36500 manager on duty at the time of the incident.
- Katrina Galbraith, Custodian of Records, Record Certification Unit, Contractors State License Board
- Vladamir Givargis, D.C., Allied Chiropractic
- Mark Gildez, EMT Basic, Hall Ambulance Service, Inc

Expert Witnesses

- Russell W. Nelson, M.D.
- J. Vincent Filoteo, Ph.D.
- Karen Flinn-Fowler, Trisource Health
- David J. Weiner, M.B.A., AM, JS Held

**2.     The court does not allow undisclosed witnesses to be called for any purpose, including impeachment or rebuttal, unless they meet the following criteria:**

a.   The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence that could not be reasonably anticipated at the pretrial conference, or

b.   The witness was discovered after the pretrial conference and the proffering party makes the showing required in paragraph B, below.

3.   Upon the post pretrial discovery of any witness a party wishes to present at trial, the party shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so the court may consider whether the witnesses shall be permitted to testify at trial. The witnesses will not be permitted unless:

a.   The witness could not reasonably have been discovered prior to the

4

discovery cutoff;

    b.    The court and opposing parties were promptly notified upon discovery of the witness;

    c.    If time permitted, the party proffered the witness for deposition; and

    d.    If time did not permit, a reasonable summary of the witness's testimony was provided to opposing parties.

**L.    EXHIBITS, SCHEDULES, AND SUMMARIES**

Defendant intends to offer the exhibits listed at Section 11 of its pretrial conference statement. (Doc. 31 at 11.)

NO EXHIBIT, OTHER THAN THOSE LISTED IN EXHIBIT A, MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(11).

    1.    **For a party to use an undisclosed exhibit for any purpose, they must meet the following criteria**:

        a.    The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence that could not have been reasonably anticipated, or

        b.    The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in paragraph 2, below.

    2.    Upon the discovery of exhibits after the discovery cutoff, a party shall promptly inform the court and opposing parties of the existence of such exhibits so that the court may consider their admissibility at trial. The exhibits will not be received unless the proffering party demonstrates:

        a.    The exhibits could not reasonably have been discovered earlier;

        b.    The court and the opposing parties were promptly informed of their existence; and

        c.    The proffering party forwarded a copy of the exhibits (if physically possible) to the opposing party. If the exhibits may not be copied the proffering

5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

party must show that it has made the exhibits reasonably available for inspection by the opposing parties.

3. The parties must exchange exhibits no later than **January 27, 2023**. On or before **February 3, 2023,** counsel **SHALL** meet and confer to discuss any disputes related to the above listed exhibits and to pre-mark and examine each other's exhibits. Any exhibits not previously disclosed in discovery **SHALL** be provided via e-mail or overnight delivery so that it is received by the above exhibit exchange deadline.

4. At the exhibit conference, counsel will determine whether there are objections to the admission of each of the exhibits and will prepare separate indexes; one listing joint exhibits, one listing Plaintiff's exhibits and one listing Defendant's exhibits. In advance of the conference, counsel must have a complete set of their proposed exhibits in order to be able to fully discuss whether evidentiary objections exist. <u>Thus, any exhibit not previously provided in discovery **SHALL** be provided at least five court days in advance of the exhibit conference</u>.

5. At the conference, counsel shall identify any duplicate exhibits, i.e., any document which both sides desire to introduce into evidence. These exhibits **SHALL** be marked as a joint exhibit and numbered as directed above. Joint exhibits **SHALL** be admitted into without further foundation.

6. All joint exhibits will be pre-marked with numbers preceded by the designation "JT" (e.g. JT/1, JT/2, etc.). Plaintiff's exhibits will be pre-marked with numbers beginning with 1 by the designation PX (e.g. PX1, PX2, etc.). Defendant's exhibits will be pre-marked with numbers beginning with 501 preceded by the designation DX (e.g. DX501, DX502, etc.). The parties SHALL number each page of any exhibit exceeding one page in length (e.g. PX1-1, PX1-2, PX1-3, etc.).

7. If originals of exhibits are unavailable, the parties may substitute legible copies. If any document is offered that is not fully legible, the Court may exclude it from evidence. Each joint exhibit binder shall contain an index which is placed in the binder before the exhibits. The index shall consist of a column for the exhibit number, one for a description of the exhibit and one column entitled "Admitted in Evidence" (as shown in the example below).

6

**INDEX OF JOINT EXHIBITS**

| EXHIBIT# | DESCRIPTION | ADMITTED IN EVIDENCE |
|---|---|---|
|  |  |  |

8. As to any exhibit which is not a joint exhibit but to which there is no objection to its introduction, the exhibit will likewise be appropriately marked, i.e., as PX1, or as DX501 and will be indexed as such on the index of the offering party. Such exhibits will be admitted upon introduction and motion of the party, without further foundation.

9. Each exhibit binder shall contain an index which is placed in the binder before the exhibits. Each index shall consist of the exhibit number, the description of the exhibit and the three columns as shown in the example below.

**INDEX OF EXHIBITS**

| EXHIBIT# | DESCRIPTION | ADMITTED IN EVIDENCE | OBJECTION FOUNDATION | OBJECTION OTHER |
|---|---|---|---|---|
|  |  |  |  |  |

10. On the index, as to exhibits to which the only objection is a lack of foundation, counsel will place a mark under the column heading entitled "Objection Foundation."

11. On the index, as to exhibits to which there are objections to admissibility that are not based solely on a lack of foundation, counsel will place a mark under the column heading entitled "Other Objections."

12. As to each exhibit which is not objected to in the index, it shall be marked and received into evidence and will require no further foundation.

13. After the exhibit conference, Plaintiff and counsel for the defendants **SHALL** develop four complete, legible sets of exhibits. The parties **SHALL** deliver three sets of their exhibit binders to the Courtroom Clerk and provide one set to their opponent, no later than 4:00 p.m., on **Thursday, March 2, 2023,** Counsel **SHALL** determine which of them will also provide three sets of the joint exhibits to the Courtroom Clerk.

14. The parties **SHALL** number each page of any exhibit exceeding one page in length.

**M.  POST-TRIAL EXHIBIT RETENTION**

Counsel who introduced exhibits at trial **SHALL** retrieve the original exhibits from the courtroom deputy following the verdict in the case. The parties' counsel **SHALL** retain possession of and keep safe all exhibits until final judgment and all appeals are exhausted.

**N.  DISCOVERY DOCUMENTS**

Defendant intends to offer the discovery documents listed at Section 12 of its pretrial conference statement. (Doc. 31 at 11–12.)

NO DISCOVERY DOCUMENT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(12).

The parties **SHALL** lodge any discovery documents they intend to use at trial with the Courtroom Clerk and provide one set to their opponent, on or before **February 21, 2023.**

**O.  FURTHER DISCOVERY OR MOTIONS**

Defendant indicates that it will seek sanctions against Plaintiff's counsel pursuant to Fed. R. Civ. P. 37 with respect to Plaintiff's counsel's actions regarding Plaintiff's untimely expert designation, should discovery be permitted.

Defendant also indicates it will seek to enforce its settlement agreement with Plaintiff.

**P.  STIPULATIONS**

None.

**Q.  AMENDMENTS/ DISMISSALS**

Defendant intends to seek leave of Court to amend its Answer and/or file a cross-complaint against Plaintiff, alleging a breach of written contract entered on or about November 9, 2022, regarding the settlement of the present matter.[2]

**R.  SETTLEMENT NEGOTIATIONS**

In February 2021, the parties engaged in limited settlement discussions. Plaintiff's counsel

---

[2] The Court notes that Defense counsel indicated at the pretrial conference that the settlement agreement was not signed by Plaintiff.

8

1  represented in writing that despite his recommendations to their client, Plaintiff rejected

2  Defendant's initial offer of settlement. (*See* Doc. 31 at 13.)

3  A Settlement Conference was set before the assigned magistrate judge on November 10,

4  2022, but was continued to February 23, 2023, apparently because Plaintiff had not timely

5  submitted a Settlement Conference Statement. (*Id.*)

6  The parties again engaged in informal settlement negotiations. According to Defendant,

7  the parties settled the matter for a confidential amount on November 9, 2022. (*Id.*) Thereafter,

8  Plaintiff's counsel confirmed the settlement. (*Id.*) Defendant sent a revised release to Plaintiff's

9  Counsel on November 21, 2022, but Plaintiff's counsel did not obtain Plaintiff's signature on the

10 release. (*Id.*) The next day, on November 22, 2022, Plaintiff's counsel began the process of

11 withdrawing from the case. (Docs. 24–30.)

12 As mentioned, the motion to withdraw is set for hearing before the assigned magistrate

13 judge on January 11, 2022. The parties are amenable to a further settlement conference and will

14 discuss scheduling with the magistrate judge at the January 11, 2022, hearing.

15 **S.    AGREED STATEMENT**

16 Defendant does not believe that presentation of all or part of the case based on an Agreed

17 Statement of Facts is feasible and advisable.

18 **T.    SEPARATE TRIAL OF ISSUES**

19 Defendant does not anticipate the need for a separate trial of any issues.

20 **U.    APPOINTMENT OF IMPARTIAL EXPERTS**

21 None.

22 **V.    ATTORNEYS' FEES**

23 Pursuant to Fed. R. Civ. P. 37, Defendant intends to seek an award of attorneys' fees from

24 Plaintiff because he failed to admit that he fell off a ladder after the incident and retained counsel

25 for this incident.

26 **W.    TRIAL EXHIBITS**

27 The parties do not request any special handling instructions for the exhibits to be used in

28 the case.

**X.  PROTECTIVE ORDER**

The parties do not request a trial protective order.

**Y.  TRIAL DATE/ ESTIMATED LENGTH OF TRIAL**

This trial is set for March 7, 2023, at 8:30 a.m. before the Honorable Jennifer L. Thurston at the Robert E. Coyle United States Courthouse, 2500 Tulare Street, Fresno, California. Defendant estimates the trial will take five to seven days.

**The parties are advised that once the jury is selected, the Court's typical trial day will run from 8:00 a.m. through 1:30 p.m., with no lunch break but with two extended rest breaks. The first day of trial, when the jury will be selected, will run from 8:30 a.m. until 4:30 p.m.**

Counsel SHALL schedule their witnesses to avoid waste of the jury's time.

**Z.  TRIAL PREPARATION AND SUBMISSIONS**

1.  Trial Briefs

The parties are relieved of their *obligation* under Local Rule 285 to file trial briefs. If any party *wishes* to file a trial brief, they must do so in accordance with Local Rule 285 and be filed on or before **February 17, 2023.**

2.  Jury Voir Dire

The parties are required to file their proposed voir dire questions, in accordance with Local Rule 162.1, on or before **February 17, 2023.**

3.  Jury Instructions & Verdict Form

The parties shall serve, via e-mail or fax, their proposed jury instructions in accordance with Local Rule 163 and their proposed verdict form on one another no later than **February 7, 2023.** The parties shall conduct a conference to address their proposed jury instructions and verdict form no later than **February 7, 2023**. At the conference, the parties **SHALL** attempt to reach agreement on jury instructions and verdict form for use at trial. The parties shall file all agreed-upon jury instructions and verdict form no later than **February 17, 2023** and identify such as the agreed-upon jury instructions and verdict forms. At the same time, the parties **SHALL** lodge via e-mail a copy of the joint jury instructions and joint verdict form (in Word format) to

1   JLTOrders@caed.uscourts.gov.

2   **If and only if, the parties after genuine, reasonable and good faith effort** cannot agree
3   upon certain specific jury instructions and verdict form, the parties shall file their respective
4   proposed (disputed) jury instructions and proposed (disputed) verdict form no later than
5   **February 17, 2023** and identify such as the disputed jury instructions and verdict forms. At the
6   same time, the parties **SHALL** lodge via e-mail, a copy of his/their own (disputed) jury
7   instructions and proposed (disputed) verdict form (in Word format) to
8   JLTOrders@caed.uscourts.gov.

9   In selecting proposed instructions, the parties shall use Ninth Circuit Model Civil Jury
10  Instructions or California's CACI instructions to the extent possible. All jury instructions and
11  verdict forms shall indicate the party submitting the instruction or verdict form (i.e., joint,
12  plaintiff's, defendant's, etc.), the number of the proposed instruction in sequence, a brief title for
13  the instruction describing the subject matter, the **complete** text of the instruction, and the legal
14  authority supporting the instruction. Each instruction **SHALL** be numbered.

15      4.  Joint Neutral Statement

16  On or before **February 17, 2023**, parties **SHALL** submit a joint neutral statement for the
17  Court to use during jury selection.

18  **AA.    OBJECTIONS TO PRETRIAL ORDER**

19  Any party may, **within 14 days after the date of service of this order**, file and serve
20  written objections to any of the provisions set forth in this order. Each party is also granted 7 days
21  thereafter to respond to the other party's objections. Such objections shall clearly specify the
22  requested modifications, corrections, additions, or deletions. If no objections are filed, the order
23  will become final without further order of this court.

24  The parties are reminded that pursuant to Rule 16(e) of the Federal Rules of Civil
25  Procedure and Local Rule 283 of this court, this order shall control the subsequent course of this
26  action and shall be modified only to prevent manifest injustice.

27  **Because Plaintiff did not file a pretrial conference statement, he must list those**
28  **witnesses he intends to call, exhibits and discovery documents he intends to use, and**

**motions he intends to file in his objections to this tentative pretrial order. If he does not do so, he will forfeit the right to call those witnesses, offer those documents, or file those motions.**

**BB.   COMPLIANCE**

Strict compliance with this order and its requirements is mandatory. All parties and their counsel are subject to sanctions, including dismissal or entry of default, for failure to fully comply with this order and its requirements.

IT IS SO ORDERED.

Dated:   **January 9, 2023**

UNITED STATES DISTRICT JUDGE