# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR MITCHELL PRIDE JR., | Case No. 1:21-cv-00153-JLT-SKO |
| Plaintiff, | **ORDER GRANTING MOTION TO WITHDRAW** |
| v. | (Doc. 41) |
| PILOT TRAVEL CENTERS, LLC, | |
| Defendant. | |

## I.  INTRODUCTION

On January 17, 2023, David O. Hernandez, Esq., of the Hernandez Law Offices ("Attorney Hernandez"), attorney for Plaintiff Arthur Mitchell Pride Jr. ("Plaintiff"), filed a renewed motion to withdraw as Plaintiff's counsel of record. (Doc. 41.) By minute order entered January 18, 2023, the Court directed Plaintiff and Defendant Pilot Travel Centers, LLC ("Defendant") to file any responses in opposition to or in support of the motion by no later than January 27, 2023. (*See* Doc. 43.) Neither Defendant nor Plaintiff filed any response to the motion. (*See* Docket.) The motion was taken under submission as of January 30, 2023. (*See* Doc. 43.)

Upon consideration of the motion and for the reasons set forth below, Attorney Hernandez's motion to withdraw as Plaintiff's counsel of record is GRANTED.

## II.  BACKGROUND

On February 5, 2020, Plaintiff initiated this action in the Superior Court of the State of California for the County of Madera alleging causes of action for general negligence and premises

liability. (*See* Doc. 1-3 at 5–10.) Defendant removed the action to this Court on February 5, 2021, on the basis of diversity jurisdiction, 28 U.S.C. § 1332. (*See* Doc. 1.) In the operative complaint, Plaintiff alleges that was injured when he slipped and fell at Defendant's gas station. (*See* Doc. 1-3 at 8.)

### III.   DISCUSSION

In his affidavit in support of the motion, Attorney Hernandez states that there has been "an irreparable breakdown of the attorney-client relationship." (Doc. 41 at 2, ¶ 4.) Specifically, Attorney Hernandez avers that

> Plaintiff refuses to communicate with his Counsel, refuses to consider his Counsel's legal advice, and is demanding and unreasonable sum in order to settle his case. Plaintiff will not return his counsel's phone calls and Plaintiff hangs-up when counsel is trying to communicate with Plaintiff. On numerous occasions, Plaintiff has had ex-parte communication directly with Defendant's counsel.

(*Id*. at 2, ¶ 5.) According to Attorney Hernandez, Plaintiff has "on numerous occasions" communicated to him that Plaintiff "desires to proceed with trial as a self-represented party," that he "does not intend to retain another attorney," and that "he is sufficiently knowledgeable to undergo trail [sic] in propria persona." (*Id*. at 2, ¶ 6.) Attorney Hernandez has "advised [Plaintiff] against doing such, but he refuses to consider [Attorney Hernandez's] legal advice." (*Id*.)

Attorney Hernandez further states in his affidavit that, upon withdrawal, he will provide to Plaintiff via U.S. Mail all client materials and property, including "correspondence, pleadings, deposition transcripts, expert reports and other writings, exhibits, and physical evidence." (Doc. 41, at 2 ¶ 8.) Attorney Hernandez notified Plaintiff of the instant motion to withdraw and served him a copy via U.S Mail. (*Id*. at 2 ¶ 12.) According to Attorney Hernandez, Plaintiff consents to the withdrawal. (*Id*. at 2 ¶ 10.)

**A.   Legal Standard**

Permissive withdrawal as attorney of record is governed by Local Rule 182 of the Local Rules of the United States District Court for the Eastern District of California ("Local Rules") and Rule 1.16 of the Rules of Professional Conduct of the State Bar of California ("Rules of Professional Conduct"). Local Rule 182 provides as follows:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw

> leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw. Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules. The authority and duty of the attorney shall continue until relieved by order of the Court issued hereunder. Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

E.D. Cal. Local Rule 182(d). Rule of Professional Conduct 1.16(b)(6) provides that an attorney may request permission to withdraw if the client "knowingly and freely assents to termination of the representation." Grounds for withdrawal also exist where "the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively." Cal. Rule Prof. Conduct 1.16(b)(4). Rule of Professional Conduct 1.16(d) further instructs that "[a] lawyer shall not terminate a representation until the lawyer has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other [attorney(s)], and complying with paragraph (e)."[1]

The decision to grant or deny a motion to withdraw is within the court's discretion. *McNally v. Eye Dog Found. for the Blind, Inc.*, No. 1:09-cv-01184-AWI-SKO, 2011 WL 1087117, at *1 (E.D. Cal. Mar. 24, 2011) (citation omitted).

**B.   Analysis**

First, Attorney Hernandez complied with this Court's Local Rule 182(d). He provided Plaintiff notice of his intent to withdraw prior to filing his motion and served him a copy via U.S. Mail.

Next, Attorney Hernandez's motion demonstrates the substantive requirements for withdrawal under the Rules of Professional Conduct. It appears that Plaintiff "knowingly and freely assent[ed] to termination of the representation," as evidenced by Attorney Hernandez's affidavit (Doc. 41 at 2–3) and by the deficient "Consent Order Granting Substitution of Attorney" signed by both Attorney Hernandez and Plaintiff, filed on November 28, 2022 (Doc. 24). Cal. Rule of Prof. Conduct 1.16(b)(6); *Hopson v. Nove Plaza, LLC*, Case No. 1:17-cv-01746-AWI-SAB, 2018 WL

---

[1] Paragraph (e) of Rule 1.16 pertains to returning property and funds to clients.

5310780, at *2 (E.D. Cal. Oct. 25, 2018).  Attorney Hernandez avers that the termination is the result an "irreparable breakdown of the attorney-client relationship" that it, as described, renders it unreasonably difficult for Attorney Hernandez to represent Plaintiff effectively.  *See* Cal. Rule of Prof. Conduct 1.16(b)(4).  *See also Williams v. Troehler*, No. 1:08–cv–01523–OWW–GSA, 2010 WL 11570438, at *2 (E.D. Cal. June 23, 2010)  ("Some courts have found that a client's inability to get along and cooperate with counsel may justify an attorney's withdrawal.") (listing cases finding failure to cooperate is grounds for withdrawal).

The Court also finds Attorney Hernandez has taken reasonable steps to avoid reasonably foreseeable prejudice to Plaintiff's rights in accordance with Rule of Professional Conduct 1.16(d). As set forth above, he informed Plaintiff of the intent to file a motion to withdraw, to which Plaintiff has agreed.  Attorney Hernandez also ensured that Plaintiff is aware of the upcoming trial, as well as the risks of proceeding in propria persona, and will be in possession of his client materials following the withdrawal.

Finally, with respect to whether Defendant will be prejudiced by the withdrawal, the Court observes that Defendant has not opposed the motion.  Furthermore, there will be no resultant delay in the adjudication of this matter, which is set for a settlement conference on February 9, 2023, and for trial to begin on March 7, 2023.

For the reasons set forth above, the Court shall grant the motion to withdraw.  The Court notes that upon his attorney's withdrawal, Plaintiff will be proceeding pro se and will be responsible for the timely prosecution of the action.  A failure to comply with an order of the Court may result in sanctions, including dismissal of this action.

## IV.     CONCLUSION AND ORDER

For the reasons stated above, it IS HEREBY ORDERED that:

1. The motion to withdraw (Doc. 41) is GRANTED;
2. The Clerk of Court is ORDERED to RELIEVE David O. Hernandez, Esq., of the Hernandez Law Offices, as attorney for Plaintiff Arthur Mitchell Pride, Jr.;
3. Within two (2) days of the date of this order, Attorney Hernandez SHALL send to Plaintiff via U.S. mail all client materials in accordance with Rule of Professional

4

|   |   |   |
|---|---|---|
| 1 |  | Conduct 1.16(e) and INFORM him of the upcoming Settlement Conference set for |
| 2 |  | February 9, 2023; |
| 3 | 4. | Attorney Hernandez SHALL serve a copy of this order on Plaintiff via mail <u>and</u> |
| 4 |  | Email and INFORM Plaintiff that he has withdrawn.  Within two (2) days of the date |
| 5 |  | of the order, Attorney Hernandez SHALL file a declaration certifying that (a) proof |
| 6 |  | of service of this order via U.S. mail and e-mail; (b) he returned Plaintiff's client |
| 7 |  | materials to him; and (c) he informed Plaintiff of the February 9, 2023, Settlement |
| 8 |  | Conference; |
| 9 | 5. | The Clerk SHALL UPDATE THE DOCKET to reflect Plaintiff's *pro se* status and |
| 10 |  | his current address (*see* Doc. 41 at 3) and SHALL serve this order upon Plaintiff at |
| 11 |  | that address. |

IT IS SO ORDERED.

Dated:    **January 30, 2023**                    /s/ *Sheila K. Oberto*
                                                              UNITED STATES MAGISTRATE JUDGE

5